122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre JAMISON, Petitioner-Appellant,
v.
Bert RICE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56105.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided September 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-03352-DT; Dickran M. Tevrizian, Jr., District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Andre Jamison appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Jamison first contends that he was denied effective assistance of counsel because counsel failed to secure a continuance and thus had an inadequate time to prepare for trial. We agree with the district court that Jamison has failed to demonstrate prejudice because he did not cite any further preparation or investigation that was thwarted as a result of the denial of the continuance. See Strickland v. Washington, 466 U.S. 668, 688, 697 (1984) (stating that a claim for ineffective assistance may be disposed of for failure to show prejudice). Because Jamison failed to allege any facts that would entitle him to habeas relief, the district court did not abuse its discretion by denying this claim without an evidentiary hearing. See Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993).
 
 
 4
 Jamison next contends that the district court abused its discretion by denying his petition with prejudice. Jamison requested that the district court deny his petition without prejudice to his right to file a new petition after exhausting available state remedies with regard to several claims he raised for the first time in his Traverse and Supplemental Traverse.
 
 
 5
 The district court did not abuse its discretion by denying the petition with prejudice. First, the unexhausted claims were not properly raised in the district court. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed only the exhausted claims with prejudice. It declined to consider the unexhausted claims